SPROESSIG *v.* KEUTEL *et al.*

(*City Court of New York, General Term.* February 8, 1892.)

1. PRACTICE—EFFECT OF MOTION TO DISMISS—NONSUIT.
　Where defendants move to dismiss the complaint without resting their case they will be entitled to a nonsuit, and not to a dismissal on the merits, so that, on appeal, the evidence must be construed most favorably for plaintiff.

2. MECHANIC'S LIEN—UNFINISHED WORK—ACTS OF OWNER.
　A carpenter who, having nearly finished a building contract, is reproached for being a swindler, knocked down by the owner, and ordered never to come into the building again, may enforce his lien for the work already done without completing the same, though notified so to do by the owner.

Appeal from trial term.

Action by Henry Sproessig against Julius Keutel and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*Chas. H. Preyer,* for appellant. *Edward Grosse,* for respondent.

VAN WYCK, J. The plaintiff, a carpenter, sued upon two causes of action to foreclose a mechanic's lien, and a trial was had, as is usual in such cases, before the court, without a jury. At the close of plaintiff's evidence, the defendants, without announcing that they rested their case, moved to dismiss the complaint, and thereupon the court dismissed the complaint on both causes of action, and subsequently the judge signed and filed findings, holding specifically against plaintiff's contention every fact necessary to justify the conclusion of law "that the defendants are entitled to judgment of dismissal upon the merits, with costs." As defendants moved without announcing that they rested their case, they were not entitled to a dismissal upon the merits, but only to a nonsuit. Therefore what the court below granted must and will be deemed, considered, and reviewed as a nonsuit, under the rule laid down by the court of appeals in *Place* v. *Hayward,* 23 N. E. Rep. 25, which was tried originally before a referee, and the defendant therein, after the close of the plaintiff's evidence, and without announcing that he rested his (defendant's) case, moved "that the complaint be dismissed on the merits," which was granted by the referee. Judge EARL, writing for reversal of the general term, and granting a new trial, says: "Nevertheless, what the referee did was to nonsuit the plaintiff. We can give no other significance to the proceeding. Therefore he should have made no findings of fact except such as would justify a nonsuit upon the trial. Under the Code the referee was required to make findings of fact and of law after granting the nonsuit; but he had no right to make any findings of fact depending upon disputed or inconclusive evidence. Therefore, to maintain this judgment, the defendant is bound to show that there was no disputed question of fact which, upon a jury trial, the court would have been required to submit to the jury, and that upon the undisputed evidence he was entitled to a judgment." The judgment be-

low must be considered as nothing more than a nonsuit, and·in reviewing it the question must be considered as one of law, and hence the plaintiff is entitled to have the evidence construed in a manner most favorable to his position.   All that the evidence in any way tends to prove must be deemed as fully proved.   Every fact which the testimony and reasonable inferences from it conduce to establish must be assumed to be established.   The court of appeals, in *Cook* v. *Railroad Co.*, 1 Abb. Dec. 433, say: "On a question for nonsuit all disputed facts are to be decided in favor of the plaintiff, and all presumptions and inferences which he had a right to ask from the jury are to be conceded to him."   Hence the evidence of the plaintiff in the case now under consideration must be read in the light of these liberal rules of construction, which have ever been conceded to a nonsuited party, and the conclusion must be reached that he was improperly turned out of the court below.   His complaint alleges, and his evidence shows, that he was employed to do work, but not to furnish materials, in and about the building of an addition to a house, out of old materials, for defendants, for $500, to be paid in five equal installments; that he had earned and been paid the first three installments; that he had done 80 per cent. of the work required to be done to entitle him to the fourth payment, and 20 per cent. of the work so required under the fifth payment; and that he was, while at work under his contract, accosted by one of the defendants, who said to him that he was a swindler and a fraud, and came behind him and knocked him in the head and knocked him down, and said to him, "You go out of my building, and never come into this building again;" and that when he took his tool-box and went to leave he was again kicked very badly.   It does seem that this treatment justified him in abandoning the contract and bringing this action to recover for what work he had already done.   But defendants contend that, as he admitted that he was subsequently notified to finish the work under the contract, he could not recover, because it was his duty to resume the work, but this is not so, for he was not bound to obey defendants' notice after the ill treatment which he had received from the defendant who had charge of the work.   However, he did again see this defendant, who said to him, "You won't get a cent out of me before your job is finished all through;" and yet he had done 80 per cent. of the work, entitling him to the fourth payment of $100, and the job would not be "finished all through" until he had earned the fifth and last payment of $100.   He was under no obligation to resume his work if he had received such brutal treatment from the defendant, nor was he bound to wait until the job was finished for his fourth payment.   So much as to plaintiff's first cause of action; and as to his second his evidence shows that he made an agreement to do certain specified extra work with defendants, who agreed to pay him therefor $100, and had paid $50 on account, and that he had performed the same.   The judgment must be reversed, and new trial granted, with costs to appellant to abide the event.   All concur.